WILLIAM P. BOYD, JR. v. MARGARET B. BOYD

No. 8230DC319

(Filed 15 March 1983)

**Divorce and Alimony § 2.1— divorce action—verification of complaint—necessity at time filed**

G.S. 50-8 requires that a complaint for divorce be verified in accordance with G.S. 1A-1, Rule 11 when it is filed in order to be valid, and it is not sufficient to obtain verification after it is filed but before it is served on the defendant. G.S. 1A-1, Rule 3.

APPEAL by plaintiff from *Snow, Judge.* Judgment entered 26 January 1982 in District Court, HAYWOOD County. Heard in the Court of Appeals 10 February 1983.

Plaintiff filed an unverified complaint for divorce based on a one-year separation on 21 October 1980. A summons was issued on that same day.

On 27 October 1980, the plaintiff verified his complaint. The verified complaint and the summons were served on the defendant on 28 October 1980.

Boyd v. Boyd

In her answer, the defendant denied that the parties had lived separate and apart for one year and moved to dismiss for lack of jurisdiction pursuant to G.S. 1A-1, Rule 12(b)(1). The trial judge granted her motion. He found that the complaint was inoperative because it was not accompanied by the proper affidavit and verification when filed on 21 October 1980.

From this judgment, the plaintiff appealed.

*Russell L. McLean, III, for plaintiff-appellant.*

*Brown, Ward, Haynes & Griffin, by H. S. Ward, Jr., for defendant-appellee.*

ARNOLD, Judge.

G.S. 50-8 states in part: "In all actions for divorce the complaint shall be verified in accordance with the provisions of Rule 11 of the Rules of Civil Procedure and G.S. 1-148." The defendant argues that this requirement was not satisfied when the plaintiff verified his complaint after it was filed but before it was served upon the defendant.

G.S. 1-148 requires verification before certain persons, *e.g.*, a notary public, before it will be valid. This factor is not contested by the defendant.

Instead, the defendant contends that the verification requirements of G.S. 1A-1, Rule 11 were not met. Although that rule does not state at what time a complaint must be verified, the defendant argues that it must be verified when the complaint is filed to be valid. She reaches this conclusion by reading G.S. 1A-1, Rule 3, which says that a civil action is not commenced until the complaint is filed, in conjunction with G.S. 50-8, which requires verification for a valid divorce complaint.

In interpreting paragraph one of G.S. 50-8, which contains the verification requirement, our Supreme Court stated: "[T]he allegations required by G.S. 50-8 are indispensable, constituent elements of a divorce action and must be established either by the verdict of a jury or by a judge, as the pertinent statute may permit." *Eudy v. Eudy,* 288 N.C. 71, 74, 215 S.E. 2d 782, 785 (1975). Although *Eudy* did not involve verification, we find its rationale persuasive.

Boyd v. Boyd

Other authorities support our holding. "In a divorce action a verification is required as an essential part of the complaint. . . . The want of a proper verification is a fatal defect, and is a cause for dismissal of the action." 1 R. Lee, N.C. Family Law § 50 (4th ed. 1979). Verification of a divorce complaint is required in most jurisdictions and is mandatory for jurisdiction when so required. 24 Am. Jur. 2d *Divorce and Separation* § 314 (1966).

We note the plaintiff's argument that because G.S. 1A-1, Rule 11 does not state a time period in which verification must occur that it is sufficient to obtain verification before the complaint and summons are served. But when G.S. 50-8 is read in conjunction with G.S. 1A-1, Rule 11 and G.S. 1A-1, Rule 3, this argument fails. Because a cause of action is not commenced until a valid complaint is filed and the complaint here was not valid because it did not meet the verification requirement, the court never obtained jurisdiction over the case.

As a result, we hold that G.S. 50-8 requires that for a complaint for divorce to be valid, it must be verified in accordance with G.S. 1A-1, Rule 11 when it is filed. It is not sufficient to obtain verification before the complaint and summons are served on the defendant. Thus, the defendant's motion to dismiss for a lack of jurisdiction under G.S. 1A-1, Rule 12(b)(1) was properly granted by the trial judge.

Although we affirm the trial judge's granting of the motion to dismiss, we note that nothing prevents the plaintiff from re-filing this action for divorce. No statute of limitations is applicable here and because the plaintiff is out of court on a G.S. 1A-1, Rule 12(b)(1) motion to dismiss, our decision will have no *res judicata* effect on the merits of the case.

The plaintiff might have been better advised to take a voluntary dismissal without prejudice under G.S. 1A-1, Rule 41(a)(1) as soon as the defendant moved to dismiss for improper verification. That would have avoided this appeal and expedited the entire divorce proceeding.

Affirmed.

Judges HILL and WHICHARD concur.