IN THE MATTER OF THE TRISCARI CHILDREN: DAVID ANTHONY TRISCARI AND JESSICA ANNE TRISCARI

No. 9226DC175

(Filed 2 March 1993)

**Parent and Child § 1.5 (NCI3d) — termination of parental rights — petitions not verified — no jurisdiction over subject matter**

Petitions to terminate respondent's parental rights were defective on their face and should have been dismissed because they failed to comply with N.C.G.S. § 7A-289.25 in that they were not verified, and the trial court therefore had no jurisdiction over the subject matter of this case.

**Am Jur 2d, Parent and Child § 7; Pleading § 340.**

Appeal by respondent father from Orders entered 10 December 1991 by Judge Resa L. Harris in Mecklenburg County District Court. Heard in the Court of Appeals 14 January 1993.

*John H. Cutter, III, for petitioner-appellee.*

*Katherine S. Holliday for respondent-appellant.*

*Richard A. Lucey, guardian ad litem for the minor children.*

WYNN, Judge.

The present action was brought by petitioner Laura Anne (Triscari) Costello to terminate the parental rights of her former husband, respondent Jerry Triscari. Ms. Costello and Mr. Triscari are the parents of two minor children, David Anthony Triscari, born 13 May 1980, and Jessica Anne Triscari, born 2 January 1985.

**IN RE TRISCARI CHILDREN**

[109 N.C. App. 285 (1993)]

In 1985, an Order from the Superior Court of Riverside County, California granted Ms. Costello custody of the children and required Mr. Triscari to pay child support in the amount of $250 per child per month ($6000 per year). Mr. Triscari paid $545 for child support in 1986, $2630 in 1987, $1875 in 1988, and nothing in 1989, 1990 and 1991 (as of the 1 August 1991 hearing date).

At the hearing, Mr. Triscari testified that he was suffering from diabetes, cirrhosis of the liver, tumors on his bladder, and problems with his spleen and kidneys, and he had been hospitalized twice in 1990 and 1991. He also testified that he has been unable to work and has been collecting welfare since 1987. He currently lives in Rochester, New York with his mother, where he does the household chores and yardwork, walks for exercise, attends club functions in his community, and goes on fishing trips to New York and Canada.

Mr. Triscari saw the children a few times in 1987 and 1988 and not at all in 1989. In August 1990, Mr. Triscari and his mother drove to Charlotte, North Carolina, where the children have resided with Ms. Costello since 1985, and visited with the children for three days. Mr. Triscari sent greeting cards and small gifts to the children on their birthdays and at Christmas and telephoned them every three to five months, until the petitions at issue were filed and petitioner changed her telephone number.

Ms. Costello married Mark Vincent Costello, III in August 1988. Ms. Costello indicated that her current husband intends to adopt the children if Mr. Triscari's parental rights are terminated. Mark Costello did not testify at the hearing, nor did the children or their guardian ad litem.

The trial court entered two separate Orders terminating Mr. Triscari's parental rights with respect to David Anthony Triscari and Jessica Anne Triscari, on the grounds that he abandoned and wilfully failed to support his children. From these Orders, Mr. Triscari appeals.

———

By his first assignment of error, Mr. Triscari contends that the petitions to terminate his parental rights are defective on their face and should be dismissed because they fail to comply with N.C. Gen. Stat. § 7A-289.25 (1989). In support of this contention, he argues that the petitions were not verified and, therefore, the

trial court had no jurisdiction over the subject matter of this case. We agree.

Unless specifically provided for by rule or statute, it is unnecessary for pleadings to be verified or accompanied by an affidavit. N.C. Gen. Stat. § 1A-1, Rule 11(a) (1990). The pleading relevant to the termination of parental rights is a petition, and it is specifically provided by statute that "[t]he petition *shall be verified* by the petitioner . . . ." *Id.* § 7A-289.25 (1989) (emphasis added). A verified pleading "shall state in substance that the contents of the pleading verified are true to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true." *Id.* § 1A-1, Rule 11(b) (1990). The specific procedure that must be followed in a termination of parental rights case is set forth in Article 24B, chapter 7A of the North Carolina General Statutes. *In re Allen,* 58 N.C. App. 322, 329, 293 S.E.2d 607, 612 (1982). The rules of Civil Procedure set forth in chapter 1A are not to be superimposed upon these cases, but nor should they be ignored. *Id.* Thus, because the procedure set forth in the termination of parental rights provisions requires a verified petition, and verification is not defined in chapter 7A, the requirements for verification established in chapter 1A, Rule 11(b) should determine whether the pleading has been properly verified.

The petitions in the present case were signed and notarized, the notarization reading "[s]worn and subscribed to before me this the 8th day of October, 1990." Our Supreme Court long ago established that such notarization is insufficient to constitute verification. *See Martin v. Martin,* 130 N.C. 27, 28, 40 S.E. 822, 822 (1902) (holding that the phrase "sworn and subscribed to" is defective as a verification). Thus, the petitions requesting the termination of Mr. Triscari's parental rights were not in compliance with the statute requiring them to be verified.

The petitioner contends that the failure to verify the petitions is not fatal to these proceedings. In support of this contention, she relies primarily on *Alford v. Shaw,* 327 N.C. 526, 398 S.E.2d 445 (1990). In that case, the plaintiff failed to properly verify the complaint in a shareholder derivative suit, as required by N.C. Gen. Stat. § 1A-1, Rule 23 (1990). The *Alford* Court, however, determined that the verification requirement was not jurisdictional in nature because the rule requiring verification addressed only the

procedure to be followed in, not the substantive elements of, the shareholder derivative suit. *Id.* at 531, 398 S.E.2d at 448. Rather, the *Alford* Court determined that the purpose of the verification requirement is to discourage "strike suits" by people interested in earning easy money by bringing charges against a corporation, without regard to the truth of those charges. *Alford*, 327 N.C. at 532, 398 S.E.2d at 448. Because that purpose had been met in the *Alford* case, as evidenced by the seven years of litigation, massive amounts of discovery, and four trips to the appellate division of our courts, the lack of verification was found not to be fatal to the bringing of a shareholder derivative suit. *Id.*

The shareholder derivative suit appears to be the only situation where a specific requirement that the pleadings be verified is not considered jurisdictional in nature. Actions for divorce also require a verified complaint, *see* N.C. Gen. Stat. § 50-8 (1987), and in such an action, verification is mandatory for jurisdiction. *Boyd v. Boyd*, 61 N.C. App. 334, 336, 300 S.E.2d 569, 570 (1983). Failure to properly verify a complaint in a divorce action is cause for dismissal because the verification is an "indispensable, constituent element[ ] of a divorce action." *Id.* at 335, 336, 300 S.E.2d at 570 (quoting *Eudy v. Eudy*, 288 N.C. 71, 74, 215 S.E.2d 782, 785 (1975) ). In juvenile actions, the requirement that petitions be verified is "essential to both the validity of the petition and to establishing the jurisdiction of the court." *In re Green*, 67 N.C. App. 501, 504, 313 S.E.2d 193, 195 (1984).

We find that, like the verified pleadings in divorce and juvenile actions, verified petitions for the termination of parental rights are necessary to invoke the jurisdiction of the court over the subject matter. The court's lack of subject matter jurisdiction cannot be waived and can be raised at any time, including for the first time on appeal to this Court. *Id.* We hold, therefore, that the petitions in the present case were not properly verified and failed to invoke the jurisdiction of the court over the subject matter.

Because of our holding with regard to verification and jurisdiction, we find it unnecessary to address the respondent's remaining assignments of error.

For the foregoing reasons, the decision of the trial court is,

Vacated.

Judges EAGLES and ORR concur.