RALPH GASKILL v. STATE OF NORTH CAROLINA, ex rel. WILLIAM W. COBEY, JR., SECRETARY OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 923SC323

(Filed 20 April 1993)

**Administrative Law and Procedure § 30 (NCI4th)— excavating and filling salt marsh—violation of CAMA—imposition of penalty—petition for contested case hearing not verified or timely—no jurisdiction of OAH**

Petitioner was not entitled to a contested case hearing on his alleged violation of the Coastal Area Management Act and the State Dredge and Fill Act by excavating and filling salt marsh on his property in Carteret County, since the Office of Administrative Hearings lacked subject matter jurisdiction

GASKILL v. STATE EX REL. COBEY

[109 N.C. App. 656 (1993)]

in this case because the petition was not verified as required by the Administrative Procedures Act and was not filed within twenty days after petitioner received notice of the penalty imposed by the Division of Coastal Management. N.C.G.S. §§ 113A-126(a)(3) and 150B-23(a).

**Am Jur 2d, Administrative Law §§ 340-375.**

Appeal by respondent from judgment entered 15 November 1991, in Carteret County Superior Court by Judge Franklin R. Brown. Heard by the Court of Appeals sitting in Special Session at Campbell University School of Law on 9 March 1993.

On 26 June 1987, respondent, through its Division of Coastal Management (DCM) served petitioner with notice of violation of the Coastal Area Management Act (CAMA), N.C. Gen. Stat. § 113A-100 (1989) *et seq.*, and the State Dredge and Fill Act, N.C. Gen. Stat. § 113-229 (1990) *et seq.*, by allegedly excavating and filling salt marsh on his property in Carteret County. On 29 August 1986, DCM instituted a civil action to require petitioner to restore the marsh. This resulted in a 14 August 1989 consent judgment signed by the presiding judge of a civil session of Superior Court in Carteret County. The consent judgment provided that petitioner would restore the affected marsh within thirty days after entry of the consent judgment, and it limited the penalties for violations prior to the date of its entry to $3,500.00.

By letter dated 19 July 1990, the DCM assessed civil penalties in the amount of $17,700.00 against petitioner for violations of CAMA, assessing $3,500.00 for violations committed before entry of the consent judgment on 14 August 1989, and $14,200.00 for violations committed after entry of the consent judgment. DCM served petitioner with assessment of these penalties on 4 September 1990.

On 21 September 1990, petitioner filed in the Office of Administrative Hearings (OAH) a petition for a contested case hearing. Both petitioner and his attorney signed the petition. In a notice filed on 27 September 1990, OAH notified petitioner's attorney that the petition was incomplete because it was not verified, and that it might be subject to dismissal. Petitioner executed a verification which he filed on 3 October 1990. DCM filed a motion to dismiss the contested case under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, for lack of subject matter jurisdiction.

The Administrative Law Judge (ALJ) entered a final decision on 31 October 1990. He found that OAH lacked subject matter jurisdiction in the case because the petition was not verified as required by the Administrative Procedures Act (APA), and filed within the twenty day period for contesting a civil penalty as required by CAMA.

Petitioner filed a petition for judicial review in Superior Court, Carteret County, pursuant to N.C. Gen. Stat. § 150B-43 (1991). The trial court reversed the final decision of the ALJ finding that OAH lacked subject matter jurisdiction. The respondent appeals from that decision.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David G. Heeter, for respondent-appellant.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C. R. Wheatly, III, for petitioner-appellee.*

McCRODDEN, Judge.

Respondent contends that the trial court erred by reversing the final decision of OAH finding that it lacked subject matter jurisdiction over the petition for a contested case. In ruling on this contention, we must decide whether petitioner met the requirements for commencing a contested case hearing which are found at N.C.G.S. § 113A-126(d)(3) of CAMA and N.C.G.S. § 150B-23(a) of the APA. We hold that he did not, and we reverse the Superior Court's decision.

In order to commence a contested case, petitioner must follow the requirements in CAMA. That Act requires that a petition for a contested case be filed under N.C.G.S. § 150B-23 of the APA within the statutory period, which is twenty days after receiving notice of assessment. N.C.G.S. § 113A-126(d)(3). North Carolina cases interpreting administrative laws have consistently held that a contested case petition to challenge an agency's decision must be filed within the statutory deadline. *Gummels v. N.C. Dept. of Human Resources*, 98 N.C. App. 675, 392 S.E.2d 113 (1990), upheld the dismissal of a petition which was mailed but not received by OAH until after the thirty day statutory deadline. *Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 375 S.E.2d 682 (1989), upheld the dismissal of a petition filed one day after the statutory deadline. *Smith v. Daniels Int'l*, 64 N.C. App. 381, 307 S.E.2d 434 (1983),

upheld the dismissal of a petition filed two days after the statutory deadline.

N.C.G.S. § 150B-23 of the APA, which is incorporated in CAMA, requires that a petition for a contested case be properly verified in order to commence a contested case hearing. N.C.G.S. § 150B-23(a) states in pertinent part that "[a] contested case shall be commenced by filing a petition with the Office of Administrative Hearings . . . ." The then-applicable portion of that statute added that "[a]ny petition filed by a party other than an agency shall be verified or supported by affidavit . . . ." (This provision was deleted by an amendment of the APA which applies to contested cases commenced on or after 1 October 1991. N.C.G.S. § 150B-23(a) (editor's note). Since petitioner filed the petition for a contested case prior to 1 October 1991, the above provision is applicable.)

In order for petitioner to have a contested case hearing, therefore, he was required to file a <u>verified</u> petition with OAH within 20 days after he received notice of the penalty from DCM. The ALJ based his dismissal of petitioner's petition on the absence of such verification. Petitioner contends, however, that contrary to the ALJ's ruling, his petition for a contested case hearing was properly verified pursuant to Rule 11 of the North Carolina Rules of Civil Procedure because it was signed by him and his attorney. Rule 11(b) sets forth the language to be used when a party verifies a pleading:

> In any case in which verification of a pleading shall be required by these rules or by statute, it shall state in substance that the contents of the pleading verified are true to the knowledge of the person making the verification . . . . Such verification shall be by affidavit of the party : . . . Such affidavit may be made by the agent or attorney of a party in the cases and in the manner provided in section (c) of this rule.

N.C.R. Civ. P. 11(b). Rule 11(c) limits the situations in which an attorney may verify a pleading. The pertinent situation in this case is one in which "the material allegations of the pleadings are within the personal knowledge" of the attorney. Subsection (c)(2) clearly provides, however, that a verifying attorney in this situation must state in an affidavit that the material allegations of the pleadings are true to his personal knowledge, and the reasons the affidavit is not made by the party. Thus, according to Rule 11(b) and (c), a party or attorney may verify a pleading only by

affidavit of the party or attorney, and signatures alone are not sufficient.

On 21 September 1990, petitioner filed a petition for a contested case hearing containing his and his attorney's signatures. This petition failed to include either an affidavit executed by him or an affidavit executed by his attorney. Therefore, the petition that was timely filed was not verified under Rule 11(b) and (c) when it was filed.

Although petitioner filed a verification on 3 October 1990, this was inadequate because the twenty day statutory period to file a petition for a contested case hearing had run. In *Boyd v. Boyd*, 61 N.C. App. 334, 336, 300 S.E.2d 569, 570 (1983), the Court upheld the dismissal of plaintiff's complaint for lack of jurisdiction, and held that under N.C. Gen. Stat. § 50-8 (1987), a verified complaint for divorce must be filed before a civil action may be commenced and a court may obtain jurisdiction. The Court ruled that the complaint was properly dismissed under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure because the complaint was not verified at the time it was filed. *Id.* The Court stated that although Rule 11 does not state a time period in which verification must occur, when read in conjunction with N.C.G.S. § 50-8, the complaint must be verified at the time it is filed in order to commence a civil action. *Id.* We follow the logic of the *Boyd* ruling in determining that petitioner's petition must be both verified and filed within the statutory time period in order to commence a contested case hearing.

In summary, N.C.G.S. § 113A-126(a)(3) and N.C.G.S. § 150B-23(a) require the filing of a verified petition for a contested case hearing with OAH within 20 days after petitioner receives notice of assessment. In this case, petitioner did not meet this requirement and, consequently, OAH never obtained subject matter jurisdiction. The trial court erred in reversing OAH's dismissal of petitioner's petition. Since we have decided that OAH never obtained subject matter jurisdiction, we need not address respondent's remaining three assignments of error.

This case is remanded to Superior Court with directions to enter an order upholding OAH's dismissal of petitioner's petition.

Reversed and remanded.

Chief Judge ARNOLD and Judge GREENE concur.