Plaintiff alleges that he sustained a fracture to his right elbow on July 23, 1991 while an inmate at the Wake County jail, that he was subsequently transferred to Central Prison and Franklin Correctional Center, and that, continuing through his release from prison on September 16, 1992, the defendant failed and refused to provide adequate medical treatment for this injury. Plaintiff's affidavit was filed on September 15, 1995. In literal contravention of N.C. Gen. Stat. § 143-297, the affidavit initiating the claim was signed by the claimant's attorney rather than "the claimant or the person in whose behalf the claim is made". On motion of the defendant, the claim was dismissed.
Orders for the Commission filed July 19, 1994 allowed five claimants to amend their affidavits by re-filing them with their own signatures. The Orders offered this reasoning:
 Where required by a statute, such as G.S. § 143-297, the claim must be initiated with a pleading verified by the plaintiff, and otherwise is subject to dismissal for lack of jurisdiction under R.Civ.Pro. 12(b)(1). R.Civ.Pro. 11(b); In re Triscari Children, 109 N.C. App. 285, 426 S.E.2d 435
(1993); Boyd v. Boyd, 61 N.C. App. 334, 336, 300 S.E.2d 369
(1983). Pleading requirements under this statute have been strictly construed when they materially affect the State's ability to investigate the claim. See, e.g., Floyd v. N.C. State Hwy. Pub. Works Comm'n, 241 N.C. 461, 464, 85 S.E.2d 703 (1955); Laughinghouse v. State Ex Real. N.C. Ports Railway Comm'n, 101 N.C. App. 375, 377, 399 S.E.2d 587
(1991), cert. denied, 328 N.C. 732, 402 S.E.2d 871 (1991). However, while the Commission is "constituted a Court" for the purposes of hearing claims under the State Tort Claims Act, technical pleading requirements may be somewhat relaxed so long as the defendant is given notice of the "facts and circumstances surrounding the injury and giving rise to the claim". G.S. § 143-291(a); Branch Banking Trust Co. v. Wilson County Bd. of Educ., 251 N.C. 603, 608, 111 S.E.2d 844 (1960). G.S. 143-297, specifying the form of the affidavit for initiating the claim, is a procedural rule, rather than one governing liability. Teachy v. Coble Dairies, Inc., 306 N.C. 324, 333, 293 S.E.2d 182 (1982). A State Tort Claims Act plaintiff has been allowed to amend his affidavit after it was filed with the Commission to add an essential element "not . . . so as to confer jurisdiction . . . but . . . to show that jurisdiction exists." Crawford v. Wayne Co. Bd. of Educ., 3 N.C. App. 343, 346, 164 S.E.2d 748 (1968), aff'd, 275 N.C. 354, 168 S.E.2d 33 (1969). As a practical matter, it would not serve the interests of the State to dismiss the claim on this technical ground when the plaintiff could immediately re-file, and cause the Attorney General to have to set up another file, as well as costing the claimant another filing fee. Accordingly, the amendment should be allowed. See Alford v. Shaw, 327 N.C. 526, 531, 398 S.E.2d 445 (1990), wherein the Supreme Court declined to dismiss a shareholder's derivative suit for failure to comply with the requirement of R.Civ.Pro. 23(b) that the complaint be verified, because this rule "addressed the procedure to be followed in, and not the substantive elements of, a shareholder's derivative suit. . . .") However, it should be cautioned that this matter has not reached the appellate courts, and a dismissal there on jurisdictional grounds after the expiration of the statute of limitations might be fatal to the claimant's case. See Boyd, at 336; In re Triscari, at 288. Counsel can determine whether it would be preferable, as suggested in Boyd, to take a voluntary dismissal and re-file the affidavit.
 Jennings v. N.C. Department of Correction, I.C. No. TA-13246, 19 July 1994 (Order by Comr. J. Randolph Ward); see also the other four orders referenced: McAdams v. DOT, I.C. No. TA-13386; Hosnv. DOT, I.C. No. TA-13150; Williams v. DOC, I.C. No. TA-13348;Newbold v. DOC, I.C. No. TA-13392. The issue has not yet reached the Court of Appeals.
The State argues that the State Tort Claims Act must be strictly construed, citing Northwestern Distribs. Co. v.Department of Transportation, 41 N.C. App. 548, 255 S.E.2d 203,cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979). The Act's waiver of sovereign immunity has been strictly construed as to more fundamental jurisdictional matters. See Nello L. Teer Co. v.N.C. State Highway Commission, 265 N.C. 1, 9, 143 S.E.2d 247
(1965) (contract action barred); Collins v. N.C. ParoleCommission, 118 N.C. App. 544, 548, 456 S.E.2d 333 (1995) (only the State agency, and not allegedly negligent employees, may be sued);Hull v. Oldham, 104 N.C. App. 29, 41, 407 S.E.2d 611 (1991) (only State agencies, and not local units of government, may be sued). However, the Act's "legislative purpose [should not be "defeated"] by replacing the rule of strict construction with one of technical stringency." Northwestern Distribs. Co., at 550 (naming all negligent employees not necessary where sufficient notice given to enable defendant to investigate); Lyon Sons v. State Board ofEducation, 238 N.C. 24, 33, 76 S.E.2d 553 (1953) (collateral source does not reduce plaintiff's damages and defeat his insurer's subrogation rights).
Consequently, IT IS ORDERED that plaintiff shall have 30 days from the date of this Order to resubmit the affidavit, signed by the plaintiff personally, which shall be allowed as an amendment to the claim, relating back to its filing; and, defendant's motion to dismiss is DENIED, without prejudice to its right to renew the motion should plaintiff fail to amend his claim.
 S/ _______________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
JRW:md