IN THE MATTER OF: A.J.H-R. AND K.M.H-R., MINOR CHILDREN

No. COA07-93

(Filed 19 June 2007)

**Child Abuse and Neglect— lack of subject matter jurisdiction—improper verification of juvenile petition**

The trial court's adjudication and disposition order in a child neglect case is vacated based on lack of subject matter jurisdiction, because: (1) the initial juvenile petitions were not properly signed and verified by the director of DSS as required by N.C.G.S. § 7B-403(a); and (2) although DSS is correct that juvenile petitions may be signed and verified by an authorized representative of the director, the record shows a Child Protective Services Supervisor completed the petitions on behalf of the director and not in her own capacity as the director's authorized representative.

Appeal by Respondent-Mother from order entered 31 October 2006 by Judge Edgar B. Gregory in Wilkes County District Court. Heard in the Court of Appeals 14 May 2007.

*Paul W. Freeman, Jr., for Petitioner-Appellee Wilkes County Department of Social Services.*

*Nelson Mullins Riley & Scarborough LLP, by Reed J. Hollander and Stephen D. Martin, for Guardian ad Litem.*

*Robert W. Ewing for Respondent-Appellant.*

STEPHENS, Judge.

Respondent-Mother appeals adjudication and disposition order as to her son, A.J.H-R., and her daughter, K.M.H-R. Because we conclude that the trial court did not have subject matter jurisdiction over the proceedings, we vacate the trial court's order.

In September of 2006, the Wilkes County Department of Social Services (DSS) filed separate juvenile petitions alleging that A.J.H-R. (06 J 150) and K.M.H-R. (06 J 154) were neglected juveniles. DSS took nonsecure custody of the minor children the same day that each petition was filed. After conducting a hearing on the neglect petitions, the trial court adjudicated the minor children neglected and ordered legal and physical custody of the minor children placed with DSS. Respondent-Mother appeals.

The dispositive issue on appeal is whether the trial court lacked subject matter jurisdiction to enter the adjudication and disposition order because the initial juvenile petitions were not properly signed and verified pursuant to N.C. Gen. Stat. § 7B-403(a).

The issue of jurisdiction over the matter may be raised for the first time on appeal. *See In re Z.T.B.*, 170 N.C. App. 564, 613 S.E.2d 298 (2005) (holding that when defects in a petition raise a question of the trial court's subject matter jurisdiction, the issue may properly be raised for the first time on appeal). Section 7B-200(a) confers on the trial court exclusive, original jurisdiction "over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-200(a) (2005). In juvenile proceedings, verified pleadings are necessary to invoke the jurisdiction of the court over the subject matter. *In re Triscari Children*, 109 N.C. App. 285, 426 S.E.2d 435 (1993). Section 7B-403 specifically provides that "the petition shall be drawn by the director, verified before an official authorized to administer oaths, and filed by the clerk, recording the date of filing." N.C. Gen. Stat. § 7B-403(a) (2005). Verification requires a petitioner to attest "that the contents of the pleading verified are true to the knowledge of the person making the verification[.]" N.C. Gen. Stat. § 1A-1, Rule 11(b) (2005).

Our Supreme Court recently addressed the effect of verification of a juvenile petition in *In re T.R.P.*, 360 N.C. 588, 636 S.E.2d 787 (2006). The Court noted that "verification of the petition in an abuse, neglect, or dependency action as required by N.C.G.S. § 7B-403 is a

vital link in the chain of proceedings carefully designed to protect children at risk on one hand while avoiding undue interference with family rights on the other." *Id.* at 591, 636 S.E.2d at 791. In interpreting "the integrated nature of the statutes constituting the Juvenile Code[,]" our Supreme Court held that the trial court could not exercise subject matter jurisdiction over an allegedly neglected juvenile in a custody review hearing when the juvenile petition initiating the case was neither signed nor verified as mandated by N.C. Gen. Stat. § 7B-403(a), and therefore, the trial court's review order was void *ab initio. Id.* at 593-94, 636 S.E.2d at 791-92.

Here, the petitions were neither signed nor verified by the director of DSS. The verification section of the juvenile petition in case number 06 J 150 shows the "Signature of Petitioner" as: "James D. Bumgarner by MH" with the "Director" box checked. Similarly, the verification section in case number 06 J 154 shows the "Signature of Petitioner" as: "James D. Bumgarner by MHenderson" with the "Director" box checked. It is apparent from the record that the alleged signature which appears on the petitions was not in fact the director's signature. *See* N.C. Gen. Stat. § 10B-3(25) (2005) (defining signature as "the act of personally signing one's name in ink by hand"). Rather, the petitions were completed on the director's behalf, and he did not personally appear and sign or acknowledge signing his name before the person who allegedly verified his oaths.[1]

We are unpersuaded by DSS's contention that Mary E. Henderson, a Child Protective Services Supervisor, signed the petitions as an authorized representative of the director. Although DSS is correct that juvenile petitions may be signed and verified by an authorized representative of the director, *see In re T.R.P.*, 173 N.C. App. 541, 619 S.E.2d 525 (2005), *aff'd*, 360 N.C. 588, 636 S.E.2d 787 (2006), that is not the case here. Instead, the record shows that "MH" and "MHenderson" completed the petitions on behalf of the director, not in her own capacity as the director's authorized representative. Further, we do not construe "MH" and "MHenderson" as signatures within the meaning of section 10B-3(25). Finally, the petitions do not indicate that they were signed by an authorized representative of the

---

1. The petitions demonstrate that the alleged verifications were "sworn and subscribed to before" different deputy clerks of the Wilkes County Superior Court. " 'Verification' . . . means a notarial act where a person certifies under oath or affirmation that the person witnessed the principal either execute, record, or acknowledge the principal's signature on an already-executed record." N.C. Gen. Stat. § 10B-3(28) (2005).

director.[2] Thus, the petitions were neither signed nor verified by an authorized representative of the director. We conclude the petitions requesting the minor children be adjudicated neglected failed to comply with the mandatory requirements of the statute and the trial court; therefore, lacked subject matter jurisdiction to adjudicate this matter. Accordingly, we vacate the order of the trial court adjudicating the minor children neglected.

VACATED.

Judges JACKSON and STROUD concur.

———

2. As stated, Ms. Henderson did not sign the petition in her own behalf, and the "Director" box, not the "Authorized Representative" box, under the signature line was checked.