**IN RE C.M.H., B.N.H., S.W.A.**

[187 N.C. App. 807 (2007)]

---

IN RE: C.M.H., B.N.H., S.W.A.

No. COA07-851

(Filed 18 December 2007)

**Termination of Parental Rights— failure to verify petition— lack of subject matter jurisdiction**

    The trial court lacked subject matter jurisdiction to terminate respondents' parental rights where the petition to terminate parental rights was unverified.

Appeal by respondent-father and respondent-mother from order entered 27 April 2007 by Judge Resson O. Faircloth in District Court, Harnett County. Heard in the Court of Appeals 15 November 2007.

    *E. Marshall Woodall and Duncan B. McCormick for Harnett County Department of Social Services.*

    *Elizabeth Myrick Boone for guardian ad litem.*

    *Lisa Skinner Lefler for respondent-appellant-father.*

    *Sofie W. Hosford for respondent-appellant-mother.*

STROUD, Judge.

Respondent-father and respondent-mother ("respondents") appeal the 27 April 2007 order of the trial court terminating their parental rights. Respondents raised several issues, one of which was the failure of the petitioner to attach a copy of the order granting custody of the three minor children to the Harnett County Department of Social Services ("DSS") to the motion to terminate parental rights, as required by North Carolina General Statute § 7B-1104(5). *See* N.C. Gen. Stat. § 7B-1104(5) (2005). In response, petitioner filed an amendment to the record with this Court. The amendment was an affidavit by the Deputy Clerk of Harnett County verifying that "a copy of the Adjudication Order was attached to the Motion to Terminate Parental Rights at the time of filing as shown by the court file." The amendment included a complete copy of the petition and attached order as filed with the trial court. Although this issue was not raised in either respondent's brief, we note that the 21 April 2005 motion to terminate parental rights was not verified.

A petition or motion to terminate parental rights is governed by North Carolina General Statute § 7B-1104 which provides that "[t]he petition, or motion pursuant to G.S. 7B-1102, *shall be verified* by the petitioner or movant . . . ." N.C. Gen. Stat. § 7B-1104 (2005) (emphasis added). "[A] violation of the verification requirement of N.C.G.S. § 7B-1104 has been held to be a jurisdictional defect *per se.*" *In re T.M.H.,* No. COA07-609, 2007 WL 2989562, *2 (N.C. App. Oct. 16, 2007) (citing *In re Triscari Children,* 109 N.C. App. 285, 287-88, 426 S.E.2d 435, 436 (1993); *In re T.R.P.,* 360 N.C. 588, 593-94, 636 S.E.2d 787, 792 (2006)). "[A] question of jurisdiction . . . may be addressed by this Court at any time, *sua sponte,* regardless of whether [parties] properly preserved it for appellate review." *Guthrie v. Conroy,* 152 N.C. App. 15, 17, 567 S.E.2d 403, 406 (2002).

In *In Re Triscari Children,* the father appealed the trial court's orders which terminated his parental rights. 109 N.C. App. 285, 286, 426 S.E.2d 435, 436 (1993). This Court vacated the orders finding a lack of subject matter jurisdiction because the petitions to terminate parental rights were not verified. *Id.* at 286-89, 426 S.E.2d at 436-38. The Juvenile Code has been recodified since *In Re Triscari Children,* but the North Carolina Supreme Court has determined, subsequent to the recodification, that verification of petitions is a requirement to invoke subject matter jurisdiction. *In re T.R.P.,* 360 N.C. 588, 636 S.E.2d 787 (2006).

SANDY MUSH PROPS., INC. v. RUTHERFORD CTY.

[187 N.C. App. 809 (2007)]

Petitioner's failure to verify the petition to terminate parental rights left the trial court without subject matter jurisdiction. N.C. Gen. Stat. § 7B-1104; *see also In re T.M.H.*, No. COA07-609, 2007 WL 2989562 (N.C. App. Oct. 16, 2007); *In Re Triscari Children* at 286-89, 426 S.E.2d at 436-38. "In the absence of subject matter jurisdiction, the trial court's order is void and should be vacated." *In re D.B.*, No. 06-1426-2, 2007 WL 3254398, *8 (N.C. App. Nov. 6, 2007). Therefore, we vacate the 27 April 2007 order terminating the parental rights of respondents.

VACATED.

Judges TYSON and JACKSON concur.