653 S.E.2d 929 (2007)
In re C.M.H., B.N.H., S.W.A.
No. COA07-851.
Court of Appeals of North Carolina.
December 18, 2007.
E. Marshall Woodall and Duncan B. McCormick, Lillington, for Harnett County Department of Social Services.
Elizabeth Myrick Boone, Sanford, for guardian ad litem.
Lisa Skinner Lefler, Wilmington, for respondent-appellant-father.
Sofie W. Hosford, Wilmington, for respondent-appellant-mother.
STROUD, Judge.
Respondent-father and respondent-mother ("respondents") appeal the 27 April 2007 order of the trial court terminating their parental rights. Respondents raised several issues, one of which was the failure of the petitioner to attach a copy of the order granting custody of the three minor children to the Harnett County Department of Social Services ("DSS") to the motion to terminate *930 parental rights, as required by North Carolina General Statute § 7B-1104(5). See N.C. Gen.Stat. § 7B-1104(5) (2005). In response, petitioner filed an amendment to the record with this Court. The amendment was an affidavit by the Deputy Clerk of Harnett County verifying that "a copy of the Adjudication Order was attached to the Motion to Terminate Parental Rights at the time of filing as shown by the court file." The amendment included a complete copy of the petition and attached order as filed with the trial court. Although this issue was not raised in either respondent's brief, we note that the 21 April 2005 motion to terminate parental rights was not verified.
A petition or motion to terminate parental rights is governed by North Carolina General Statute § 7B-1104 which provides that "[t]he petition, or motion pursuant to G.S. 7B-1102, shall be verified by the petitioner or movant. . . ." N.C. Gen.Stat. § 7B-1104 (2005) (emphasis added). "[A] violation of the verification requirement of N.C.G.S. § 7B-1104 has been held to be a jurisdictional defect per se." In re T.M.H., ___ N.C.App. ___, 652 S.E.2d 1, 2007 WL 2989562, *2 (2007) (citing In re Triscari Children, 109 N.C.App. 285, 287-88, 426 S.E.2d 435, 436 (1993); In re T.R.P., 360 N.C. 588, 593-94, 636 S.E.2d 787, 792 (2006)). "[A] question of jurisdiction . . . may be addressed by this Court at any time, sua sponte, regardless of whether [parties] properly preserved it for appellate review." Guthrie v. Conroy, 152 N.C.App. 15, 17, 567 S.E.2d 403, 406 (2002).
In In re Triscari Children, the father appealed the trial court's orders which terminated his parental rights. 109 N.C.App. 285, 286, 426 S.E.2d 435, 436 (1993). This Court vacated the orders finding a lack of subject matter jurisdiction because the petitions to terminate parental rights were not verified. Id. at 286-89, 426 S.E.2d at 436-38. The Juvenile Code has been recodified since In re Triscari Children, but the North Carolina Supreme Court has determined, subsequent to the recodification, that verification of petitions is a requirement to invoke subject matter jurisdiction. In re T.R.P., 360 N.C. 588, 636 S.E.2d 787 (2006).
Petitioner's failure to verify the petition to terminate parental rights left the trial court without subject matter jurisdiction. N.C. Gen.Stat. § 7B-1104; see also In re T.M.H., ___ N.C.App ___, 652 S.E.2d 1 (2007); In re Triscari Children at 286-89, 426 S.E.2d at 436-38. "In the absence of subject matter jurisdiction, the trial court's order is void and should be vacated." In re D.B., No. 06-1426-2, ___ N.C.App. ___, 652 S.E.2d 56, 62 (2007). Therefore, we vacate the 27 April 2007 order terminating the parental rights of respondents.
VACATED.
Judges TYSON and JACKSON concur.