An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-751

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

IN RE: S., A Minor Juvenile
W.W.S.,
      Petitioner,

  v.

A.N.H., and J.L.S., Minor Child,
by and through his Guardian Ad
Litem, T.L.,
      Respondents.

Wilkes County
No. 07 JT 142

Appeal by respondent from order entered 1 April 2013 by Judge Mitchell L. McLean in Wilkes County District Court. Heard in the Court of Appeals 25 November 2013.

*Paul W. Freeman, Jr., for petitioner-appellee.*

*Robert W. Ewing for respondent-appellant.*

*Louise M. Paglen for guardian ad litem-appellee.*

GEER, Judge.

Respondent mother appeals from the trial court's order terminating her parental rights to her son "John".[1] Respondent contends the trial court lacked jurisdiction because the

---

[1]The pseudonym "John" is used throughout this opinion to protect the privacy of the child and for ease of reading.

juvenile petition was not properly signed and verified. Respondent points to the fact that the initials "MH" appear next to the signature of the authorized representative of the Wilkes County Department of Social Services ("DSS") Director and argues that the initials necessarily mean that "MH" actually signed the petition rather than the authorized representative. The petition was, however, sworn and subscribed to before the magistrate, thus indicating that the authorized representative in fact appeared before the magistrate when signing the petition. Without more, the initials "MH" are not sufficient to overcome the presumption that the trial court, when it rendered a decision in this case, acted with jurisdiction. Accordingly, we affirm.

## Facts

On 30 August 2007, DSS filed a petition alleging that John was neglected. The first page of the petition stated that the petitioner was "Linda Brooks for James D. Bumgarner." The line of the verification section of the petition for the "Signature Of Petitioner" was signed by Linda C. Brooks. Beneath Ms. Brooks' signature, a box was checked indicating that she was an authorized representative of the DSS Director. To the right of Ms. Brooks' signature, there was smaller handwriting that appears to be the letters "MH." There was no other writing in

the signature space.  The verification also indicated that the petition was sworn and subscribed to by Ms. Brooks before the magistrate on 30 August 2007.

On 16 January 2008, the trial court entered an order adjudicating John, as well as two siblings, neglected.[2]  On 20 June 2012, DSS filed a petition to terminate respondent's parental rights to John.  On 1 April 2013, the trial court entered an order in which it concluded that four grounds to terminate respondent's parental rights existed and that termination of respondent's parental rights was in John's best interest.  Respondent timely appealed to this Court from the termination of parental rights order.

I

Preliminarily, we must address respondent's motion to strike the affidavit of Linda C. Brooks.  The briefs of petitioner and of the guardian ad litem ("GAL") each attached an affidavit of Linda C. Brooks, dated 4 September 2013.  This affidavit was prepared in response to respondent's brief on appeal.  The GAL explained in a response to respondent's motion to strike that the affidavit was submitted (1) to provide an explanation for an ambiguous notation that is a part of the

---

[2]Respondent's parental rights to John's two siblings were not addressed in the termination of parental rights order that gave rise to this appeal.

record, (2) to provide an opportunity for this Court to take judicial notice of Ms. Brooks' signature, and (3) to correct a false assumption asserted by respondent.

Rule 9 of the Rules of Appellate Procedure limits this Court's review to the record on appeal. "Matters discussed in the brief but outside the record will not be considered." *Hudson v. Game World, Inc.*, 126 N.C. App. 139, 142, 484 S.E.2d 435, 437-38 (1997). Ms. Brooks' affidavit is not an actual part of the record on appeal nor could the record on appeal be amended to add the affidavit. It was not "filed, served, submitted for consideration, admitted, or made the subject of an offer of proof" in the trial court. N.C.R. App. P. 11(c).

This Court cannot, therefore, consider the affidavit in connection with this appeal, and we accordingly grant respondent's motion to strike the affidavit. *See In re L.B.*, 181 N.C. App. 174, 185, 639 S.E.2d 23, 28 (2007) (striking from record affidavit by DSS social worker added as an exhibit to a petitioner's brief and all references in brief to information contained in affidavit).

II

In two related arguments on appeal, respondent contends that the juvenile petition was not properly signed or verified. Respondent first argues that the failure to properly sign or

verify the petition rendered the adjudication order void and deprived the trial court of subject matter jurisdiction to enter the adjudication order and all subsequent orders in the matter, including the termination of parental rights order. Respondent also argues that DSS lacked standing to file the termination of parental rights petition because it was not given custody of John by a court of competent jurisdiction as the petition was not properly verified. Both arguments hinge on respondent's assertion that "MH," and not Ms. Brooks, actually signed the petition.

"A trial court's subject matter jurisdiction over all stages of a juvenile case is established when the action is initiated with the filing of a properly verified petition." *In re T.R.P.*, 360 N.C. 588, 593, 636 S.E.2d 787, 792 (2006). A juvenile petition alleging abuse, neglect, or dependency "shall be drawn by the director, verified before an official authorized to administer oaths, and filed by the clerk, recording the date of filing." N.C. Gen. Stat. § 7B-403(a) (2011).

The statutory definition of director includes "[t]he director of the county department of social services in the county in which the juvenile resides or is found, *or the director's representative* as authorized in G.S. 108A-14." N.C. Gen. Stat. § 7B-101(10) (2011) (emphasis added). Accordingly, a

DSS director may "'delegate to one or more members of his staff the authority to act as his representative'" to file an abuse, neglect, and dependency petition. *In re Dj.L., D.L., & S.L.*, 184 N.C. App. 76, 79, 646 S.E.2d 134, 137 (2007) (quoting N.C. Gen. Stat. § 108A-14(b) (2005)).

Respondent did not argue before the trial court that the petition was improperly verified and, therefore, the trial court had no opportunity to clarify the significance of the initials "MH" written next to the signature "Linda C. Brooks." It is well established that "[a]lthough the question of subject matter jurisdiction may be raised at any time," when, as here, "the trial court has acted in a matter, 'every presumption not inconsistent with the record will be indulged in favor of jurisdiction[.]'" *Cheape v. Town of Chapel Hill*, 320 N.C. 549, 557, 359 S.E.2d 792, 797 (1987) (quoting *Dellinger v. Clark*, 234 N.C. 419, 424, 67 S.E.2d 448, 452 (1951)).

In this case, there is no dispute that Linda C. Brooks was an authorized representative of the DSS Director and could properly verify the juvenile petition. The sole issue is whether Ms. Brooks in fact signed the petition. The petition on its face indicates that the petition was sworn and subscribed to by Ms. Brooks before the magistrate. *See* N.C. Gen. Stat. § 7A-292(5) (2011) (granting magistrates authority to verify

pleadings); N.C. Gen. Stat. § 1-148 (2011) (providing that magistrate "is competent to take affidavits for the verification of pleadings").

A signed verification, witnessed by an authorized official, is presumed valid unless evidence in the record impeaches the verification. *See Moore v. Moore*, 108 N.C. App. 656, 659, 424 S.E.2d 673, 675 ("North Carolina recognizes a presumption in favor of the legality of an acknowledgment of a written instrument by a certifying officer."), *aff'd per curiam*, 334 N.C. 684, 435 S.E.2d 71 (1993). *See also Skinner v. Skinner*, 28 N.C. App. 412, 414, 222 S.E.2d 258, 261 (1976) (holding verification valid where "[t]here was no showing that plaintiff did not in fact sign the verification," "nothing in the record suggests that the signature which appears thereon was not in fact his signature," "[t]he certificate to the verification signed by the notary public and attested by her seal certifies that the verification was '[s]worn to and subscribed' before her, and nothing in the record impeaches that certification")

Respondent attempts to impeach the verification by alleging that the letters "MH" handwritten near Ms. Brooks' signature prove that Ms. Brooks did not actually sign the verification. Respondent attempts to draw a parallel between the instant case and the facts that led to our prior decision in *In re A.J.H-R. &*

*K.M.H-R.*, 184 N.C. App. 177, 645 S.E.2d 791 (2007). In that case, we held that the signatures on the verifications of two petitions were insufficient, where those two signatures read "'James D. Bumgarner by MH'" and "'James D. Bumgarner by MHenderson,'" with the "'Director'" box checked on each petition. *Id.* at 179, 645 S.E.2d at 792. Those petitions plainly indicated that they were not signed by the party purporting to verify them. Here, in contrast, the verification does not indicate that the signature was given "by" any individual other than the identified authorized representative of the DSS Director, Ms. Brooks. *See also In re S.E.P. & L.U.E.*, 184 N.C. App. 481, 487, 646 S.E.2d 617, 621 (2007) (holding no subject matter jurisdiction where petitioner's signature read "'[director's name] by Pam Frazier'" with "'[d]irector'" box checked because signature not in fact director's signature and where amended petition not signed by any DSS personnel). Therefore, we find respondent's comparison to *In re A.J.H-R.* unavailing and hold that the letters "MH" next to Ms. Brooks' signature, without more, are insufficient evidence to overcome the presumption that Ms. Brooks in fact signed her name. Because Ms. Brooks' signature constitutes a signature of an authorized representative of the DSS Director as

required by N.C. Gen. Stat. § 7B-403(a), the verification was valid. Accordingly, we affirm.

Affirmed.

Chief Judge MARTIN and Judge STROUD concur.

Report per Rule 30(e).