An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-385
NORTH CAROLINA COURT OF APPEALS

Filed:  7 October 2014

IN THE MATTER OF:

M.T. and G.T.                          Robeson County
                                       Nos. 12 JT 17-18


Appeal by respondent mother from order entered 16 December 2013 by Judge Herbert L. Richardson in Robeson County District Court.  Heard in the Court of Appeals 9 September 2014.

*J. Hal Kinlaw, Jr. for Robeson County Department of Social Services, petitioner-appellee.*

*Poyner Spruill LLP, by Daniel G. Cahill and Caroline P. Mackie, for guardian ad litem.*

*Assistant Appellate Defender Joyce L. Terres for mother, respondent-appellant.*

McCULLOUGH, Judge.

Respondent mother appeals from the trial court's order terminating her parental rights to M.T. and G.T.  We conclude that the trial court did not have subject matter jurisdiction over the proceedings and vacate the trial court's order.

On 12 January 2012, Robeson County Department of Social Services ("DSS") filed juvenile petitions alleging M.T. and G.T.

were neglected. On that same date, DSS obtained nonsecure custody of the children. The trial court conducted a hearing on 23 May 2012 and the juveniles were adjudicated neglected. At a permanency planning hearing held on 6 March 2013, the trial court changed the permanent plan to adoption and termination of parental rights. On 7 May 2013, DSS filed a petition to terminate respondent's parental rights, alleging as grounds: (1) failure to make reasonable progress, N.C. Gen. Stat. § 7B-1111(a)(2) (2013); and (2) failure to pay a reasonable portion of the cost of care, N.C. Gen. Stat. § 7B-1111(a)(3) (2013). After a hearing, the trial court found the existence of both grounds alleged by DSS. The trial court further determined that termination of respondent's parental rights was in the best interests of the children, and entered an order terminating respondent's parental rights. Respondent appeals.

Respondent argues the trial court lacked subject matter jurisdiction to terminate her parental rights. Respondent contends DSS did not properly sign and verify the initial juvenile petitions alleging the children were neglected; therefore, the trial court did not have jurisdiction and all of its orders are void *ab initio*. Specifically, respondent contends the initial nonsecure custody order granting DSS

custody is void and DSS did not have standing to file the petition to terminate respondent's parental rights. We agree.

"The issue of subject matter jurisdiction may be considered by the court at any time, and may be raised for the first time on appeal." *In re T.B.*, 177 N.C. App. 790, 791, 629 S.E.2d 895, 896-97 (2006). "A trial court's subject matter jurisdiction over all stages of a juvenile case is established when the action is initiated with the filing of a properly verified petition." *In re T.R.P.*, 360 N.C. 588, 593, 636 S.E.2d 787, 792 (2006). "[T]he petition shall be drawn by the director, verified before an official authorized to administer oaths, and filed by the clerk, recording the date of filing." N.C. Gen. Stat. § 7B-403(a) (2013). Under the Juvenile Code, a "[d]irector" is defined as "[t]he director of the county department of social services in the county in which the juvenile resides or is found, or the director's representative as authorized in G.S. 108A-14." N.C. Gen. Stat. § 7B-101(10) (2013). Section 108A-14 provides that "[t]he director may delegate to one or more members of his staff the authority to act as his representative." N.C. Gen. Stat. § 108A-14(b) (2013).

This Court has held that a petition is properly verified by an authorized representative of the director if the petition "contained sufficient information from which the trial court could determine that [the signatory] had standing to initiate an action under section 7B-403(a)." *In re Dj.L.*, 184 N.C. App. 76, 80, 646 S.E.2d 134, 137 (2007). However, when a person signing the juvenile petition purports to sign as the director, but the signature is the director's name signed by another, this Court has held the petitions were improperly verified and insufficient to confer subject matter jurisdiction upon the trial court. *See In re A.J.H-R.*, 184 N.C. App. 177, 179-80, 645 S.E.2d 791, 792-93 (2007) (where the petitions at issue were signed as the director with signatures of "[director's name] by MH" and "[director's name] by MHenderson").

In *In re S.E.P.*, 184 N.C. App. 481, 646 S.E.2d 617 (2007), the petition at issue was signed as the director with a signature of "[director's name] by Pam Frazier." This Court held:

> [T]he trial court never obtained jurisdiction in this action, and the orders awarding DSS custody of [the children] were void *ab initio*. Thus, DSS was not an agency awarded custody of the minor children by a court of competent jurisdiction, DSS did not have standing to file the termination petitions, and the trial court did not have

> subject matter jurisdiction to enter the orders terminating Respondents' parental rights.

*Id.* at 487-88, 646 S.E.2d at 622.

In the case *sub judice*, the petitions were brought before the magistrate and in the verification section of the petitions, the director's name is printed in block letters followed by a slash mark and illegible initials. The "Director" box is checked under the signature line. The petitions are clearly not signed by the director. Moreover, contrary to DSS's argument, N.C. Gen. Stat. § 7B-404(a) (2013) does not grant a magistrate independent authority apart from the director of DSS to draw and verify the petition. Section 7B-404 provides:

> (a) When the office of the clerk is closed, a magistrate may be authorized by the chief district court judge to draw, verify, and issue petitions as follows:
>
> (1) When the director of the department of social services requests a petition alleging a juvenile to be abused, neglected, or dependent, or
>
> (2) When the director of the department of social services requests a petition alleging the obstruction of or interference with an assessment required by G.S. 7B-302.

We therefore hold DSS failed to properly verify the juvenile petitions.

As in *S.E.P.*, the trial court never obtained jurisdiction and the order granting DSS nonsecure custody was void *ab initio*. Thus, DSS was not a proper party with standing to file the petition to terminate parental rights. *See* N.C. Gen. Stat. § 7B-1103(a)(3) (2013) (A petition to terminate parental rights may be filed by "[a]ny county department of social services . . . to whom custody of the juvenile has been given by a court of competent jurisdiction."). Accordingly, we must vacate the order terminating respondent's parental rights.

Vacated.

Judges CALABRIA and STEELMAN concur.

Report per Rule 30(e).