An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-434

Filed: 15 September 2015

Avery County, Nos. 11 JT 18-20

IN THE MATTER OF: B.G., E.G., E.G.

Appeal by Respondent from order entered 17 December 2014 by Judge Warren Hughes in Avery County District Court. Heard in the Court of Appeals 24 August 2015.

> *Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall, for Petitioner-Appellee Avery County Department of Social Services.*
>
> *Parker Poe Adams & Bernstein LLP, by William L. Esser IV, for guardian ad litem.*
>
> *J. Thomas Diepenbrock for Respondent-Appellant father.*

INMAN, Judge.

Respondent appeals from an order terminating his parental rights to his three children. Because the trial court lacked subject matter jurisdiction to enter its order, we vacate.

**Factual and Procedural Background**

On 4 August 2014, the Avery County Department of Social Services ("DSS") filed a "Petition and Motion in the Cause to Terminate Parental Rights" seeking to terminate the parental rights of Respondent. On 17 December 2014, after a hearing,

the trial court entered an order terminating Respondent's parental rights. Respondent appealed.

## Analysis

Respondent contends the trial court lacked subject matter jurisdiction to terminate his parental rights because the petition to terminate his parental rights was not properly verified. Petitioner and the guardian ad litem concede Respondent's argument, and we agree.

The petition or motion to terminate parental rights "shall be verified by the petitioner or movant[.]" N.C. Gen. Stat. § 7B-1104 (2013). "[A] violation of the verification requirement of N.C.G.S. § 7B-1104 has been held to be a jurisdictional defect *per se*." *In re T.M.H.*, 186 N.C. App. 451, 454, 652 S.E.2d 1, 2, *disc. review denied*, 362 N.C. 87, 657 S.E.2d 31 (2007).

Here, the petition filed by DSS was not verified as required by N.C. Gen. Stat. § 7B-1104. Therefore, the trial court never obtained jurisdiction over the termination action, and its order is void. Accordingly, we must vacate the trial court's order terminating Respondent's parental rights. *See In re C.M.H.*, 187 N.C. App. 807, 809, 653 S.E.2d 929, 930 (2007).

VACATED.

Judges BRYANT and McCULLOUGH concur.

Report per Rule 30(e).