DILLON, Judge.
*615 Respondent-Mother ("Mother") appeals from orders ceasing reunification efforts and terminating her parental rights to her minor child, E.B. ("Ed").[1] Because the motion to terminate parental rights was verified and properly invoked the trial court's jurisdiction, we affirm.
In May 2014, the Alleghany County Department of Social Services ("DSS") obtained non-secure custody of Ed and filed a petition alleging he was neglected. The trial court entered an order adjudicating Ed neglected. The trial court also entered a disposition order continuing custody of Ed with DSS and directing Ed's parents to comply with their Family Services Case Plan. In June 2015, the trial court entered an order ceasing reunification efforts between Ed and his father, while also establishing reunification as the permanent plan for Ed and Mother.
Nevertheless, Ed's Guardian ad Litem (the "GAL") moved to terminate Mother and father's parental rights, alleging neglect, failure to correct the conditions that led to Ed's removal from their home, failure to pay a reasonable portion of the cost of care for Ed, dependency, and willful abandonment. See N.C. Gen. Stat. § 7B-1111(a)(1)-(3), (6)-(7) (2015). DSS filed a response joining the GAL's motion.
After an interim permanency planning hearing, the trial court entered an order ceasing reunification efforts between Mother and Ed, and directed DSS to pursue termination of parental rights if the GAL did not proceed on the termination motion. After another hearing on the matter, the trial court entered an order terminating both parents' parental rights to Ed.[2] Mother filed timely notice of appeal from both the order ceasing reunification efforts and the order terminating her parental rights.
*616 _________________________
Mother's sole argument on appeal is that the trial court lacked jurisdiction over the termination proceedings as the GAL did not verify the termination motion. See In re C.M.H. , 187 N.C.App. 807, 809, 653 S.E.2d 929, 930 (2007). In response, the GAL has filed a motion to amend the record on appeal to include a copy of the motion which contains the necessary verification. The GAL has included an affidavit from Deputy Clerk of Court Veronica Williams with the motion to amend. Ms. Williams avers that a verification page was attached to the GAL's termination motion, but that when Mother's appellate counsel requested the court file to prepare the record, the verification was inadvertently retained in the Clerk's office and *693 was not sent as a proper part of the court file. Ms. Williams offers no explanation for how a single page could be mistakenly retained by her office.
Mother objects to the GAL's attempt to amend the record to include a copy of the verified termination motion, contending that it is unclear if the trial court relied upon the verified motion. However, in its order terminating Mother's parental rights, the trial court states that it made its findings of fact "[b]ased upon the verified Motion heretofore filed in this juvenile proceeding[.]" We hold that this statement by the trial court, the affidavit from the deputy clerk, and the properly verified and file-stamped motion attached to the clerk's affidavit, suffice to show that the GAL filed a verified termination motion and that the trial court acted upon that motion. Accordingly, we allow the GAL's motion to amend the record on appeal and reject Mother's argument.
Mother has not challenged the trial court's order terminating her parental rights or the 11 January 2016 order ceasing reunification efforts on any other grounds, and they are hereby affirmed.
AFFIRMED.
Judges McCULLOUGH and ENOCHS concur.

The pseudonym "Ed" is used throughout for ease of reading and to protect the juvenile's privacy.

Ed's father is not a party to this appeal.