IN THE MATTER OF: ELIZABETH LOWERY, DISABLED ADULT, AND LUTHER LOWERY AND WIFE, IDA MAE LOWERY, CARETAKERS, ROUTE 1, BOX 156, SHANNON, N.C.

No. 8216DC1361

(Filed 6 December 1983)

Appeal and Error § 57; Social Security and Public Welfare § 1— decision concerning protective services for disabled adult—insufficient finding to support conclusion

  In an action brought under the "Protection of the Abused, Neglected, or Exploited Disabled Adult Act," the trial court's findings were insufficient to support the conclusion that the adult was not abused and that there was no evidence of neglect or exploitation. G.S. 108A-101(a); G.S. 108A-104; G.S. 108A-105; G.S. 1A-1, Rule 41(b); and G.S. 1A-1, Rule 52(a).

APPEAL by petitioner from *Richardson, Judge.* Judgment entered 3 August 1982 in District Court, ROBESON County. Heard in the Court of Appeals 29 November 1983.

This is a proceeding, pursuant to Article 6 of Chapter 108A of the North Carolina General Statutes, instituted by the filing of a petition by the director of the Department of Social Services of Robeson County to obtain an order authorizing protective services and enjoining interference with protective services.

In his petition the director of the Department of Social Services of Robeson County alleges:

The undersigned petitioner, Russell M. Sessoms, Director of Department of Social Services for Robeson County having sufficient knowledge to believe that the respondent, Elizabeth Lowery, is in need of protective services and that the respondents Luther Lowery and Ida Mae Lowery are caretakers of Elizabeth Lowery who should be enjoined from interferring [sic] with the provision of protective services to a disabled adult, to-wit: Elizabeth Lowery, who is in need of such services, and alleges as follows:

1. That Elizabeth Lowery is a disabled adult, twenty-two years of age and is a resident of and can be found in the above named county.

2. That the respondent Elizabeth Lowery is a disabled adult who is in need of protective services, based on the following specific facts: She is mentally incapacitated, unable to perform or obtain essential services for herself and she is without able, responsible, and willing persons, to perform or obtain essential services for her. She is in need of assistance in obtaining mental health needs, assistance in personal hygiene, food, clothing, and protection from health and safety hazards, protection from physical mistreatment and protection from exploitation.

3. That the respondent Elizabeth Lowery has consented to the receipt of protective services; however, she probably lacks the capacity to consent to the provisions of protective services by reason of her severe mental retardation.

4. That the respondents Luther Lowery and Ida Mae Lowery are the maternal grandparents of Elizabeth Lowery and her caretakers, and they have refused to allow the provision of protective services for Elizabeth Lowery and punish her every time she consults with a social worker from the Robeson County Department of Social Services, which punishment includes physical beatings.

5. That respondent Elizabeth Lowery has been abused and exploited by respondents Luther Lowery and Ida Mae Lowery, her caretakers, in that they have physically beat

her, used her money and other financial means for their own profit or advantage and forced her to perform services that she is incapable of performing.

6. The names, addresses and some of the telephone numbers of persons who may be able to testify as to the facts according to this petition are as follows:

| | |
|---|---|
| Mary Neil McDonald | Southeastern Regional Mental Health Center, southwest of the City of Lumberton on N.C. Highway 711. Telephone: 738-1431 |
| Mary Stevens and Jenny Conrad | Southeastern Industrial Center N.C. Highway #72 Telephone: 738-8138 |
| Henry C. Burnette | Rt. 1, Box 157, Shannon, N.C. |
| Catherin Harris | Rt. 1, Shannon, N.C. |
| Rogena Deese, Sue O. Kerns and Sue Lupo | Robeson County Department of Social Services, Lumberton, N.C. Telephone: 738-9351 |

Petitioner prays the court to hear this matter and to issue an order authorizing the provision of protective services and enjoining the caretaker respondents from interferring [sic] with the provision of protective services to Elizabeth Lowery. It is further requested that Russell M. Sessoms as Director of the Robeson County Department of Social Services be designated in the order as the party responsible for the performing or obtaining of essential services on behalf of the respondent Elizabeth Lowery or otherwise consenting to protective services in respondent's behalf.

The matter came on for hearing before Judge Richardson sitting without a jury. Attorney Robert Jacobson was appointed guardian ad litem for Elizabeth Lowery. The petitioner was represented by Joseph C. Ward, Jr., and the respondents were represented by William L. Davis, III, of Lumbee River Legal Services, Inc.

At the hearing, petitioner offered evidence tending to show the following facts: Elizabeth Lowery is a twenty-one year old re-

tarded adult with an I.Q. of less than forty-three. Elizabeth lives with the respondents, who are her grandparents. Before coming to stay with respondents Elizabeth lived at O'Berry Center. Respondents removed Elizabeth from O'Berry Center two weeks after their youngest daughter, Mary, married and left the home. Mary was deaf and drew a disability check. Elizabeth draws supplemental security income (S.S.I.), which is paid to the respondent, Ida Mae Lowery. The only income of respondents, other than Elizabeth's S.S.I. check, is farm rent of five hundred dollars per year. In August, 1980 the Robeson County Department of Social Services received a protective service referral regarding Elizabeth. This referral was investigated and Elizabeth was enrolled in a workshop program. The petitioner offered evidence that Elizabeth was punished by being switched, spanked and beaten on more than one occasion by respondents. The evidence further showed that in March, 1982 Elizabeth was switched or beaten by Ida Mae Lowery and that these actions left marks, bruises, and abrasions on her arms, body, buttocks and legs which were visible some six days following the beating. The evidence further shows that employees of the Robeson County Department of Social Services and the Robeson County Mental Health Center attempted to instruct respondents in methods of controlling Elizabeth, but that the only methods of discipline used by respondents were switching, spankings and beatings. The Department of Social Services has suggested alternative placements for Elizabeth, but the respondents have rejected these. The evidence does show that the respondents provide a clean home for Elizabeth and that she has adequate food and clothing.

At the close of the petitioner's evidence, the respondents made a motion to dismiss the proceeding pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. The trial court then made the following findings of fact:

1. That there is a fatal variance in the Petitioner's evidence.

2. That there were two or three beatings administered to Elizabeth Lowery with marks left on her (such spankings were not abusive), however it is suggested that such spankings are not the proper way to discipline Elizabeth.

3. That there is no evidence of neglect or exploitation of Elizabeth Lowery.

Based upon its findings of fact the court made the following pertinent conclusions of law:

> 1. That based upon the facts and the law the Petitioners have shown no right to relief.

> 2. That spankings or beatings administered to Elizabeth were not abusive; nor is there any evidence of any neglect or exploitation of her, and the Defendant's Motion to dismiss pursuant to Rule 41(b) should be allowed.

From an order dismissing the proceeding petitioner appealed.

*Ward, Strickland & Kinlaw, by Joseph C. Ward, Jr., for the petitioner, appellant.*

*Lumbee River Legal Services, Inc., by William L. Davis, for the respondents, appellees.*

HEDRICK, Judge.

Chapter 108A, Article 6, of the North Carolina General Statutes, entitled the "Protection of the Abused, Neglected, or Exploited Disabled Adult Act," sets out the circumstances and manner in which the director of a county department of social services may petition the district court for an order relating to provision of protective services to a disabled adult. The Act applies only to abused, neglected, or exploited adults who are disabled. N.C. Gen. Stat. Sec. 108A-101(a) defines "abuse" as "the willful infliction of physical pain, injury or mental anguish, unreasonable confinement, or the willful deprivation by a caretaker of services which are necessary to maintain mental and physical health." The statute provides for petition to the district court for an order in two circumstances: first, when the adult consents to services but his "caretaker" interferes with the provision of such services, and, second, when the disabled adult lacks capacity to consent to protective services.

In the instant case the director who sought court intervention alleged that Elizabeth Lowery was disabled and that she had been abused and exploited by her grandparents so as to invoke the provisions of the Act. He contended that Elizabeth had consented to protective services and that her grandparents had interfered with the provision of services. He thus sought a court

order, authorized by N.C. Gen. Stat. Sec. 108A-104, enjoining Mr. and Mrs. Lowery from further interference. The director further indicated that he believed Elizabeth to lack capacity to consent to protective services, and thus also sought a court order authorizing the provision of protective services under N.C. Gen. Stat. Sec. 108A-105.

Rule 41(b), North Carolina Rules of Civil Procedure, provides that in a non-jury trial the defendant may seek dismissal at the close of plaintiff's evidence on the ground that plaintiff has shown no right to relief. If the court grants a 41(b) motion, the Rule requires the judge to make findings of fact in accordance with Rule 52(a). The reason for this requirement is set out in *Helms v. Rea,* 282 N.C. 610, 194 S.E. 2d 1 (1973): "Such findings are intended to aid the appellate court by affording it a clear understanding of the basis of the trial court's decision, and to make definite what was decided for purpose of res judicata and estoppel. Finally, the requirement of findings should evoke care on the part of the trial judge in ascertaining the facts." *Id.* at 619, 194 S.E. 2d at 7 (citation omitted).

The trial judge in the instant case concluded that Elizabeth was not abused and that there was no evidence of neglect or exploitation. Our examination of the meager findings of fact made by the trial judge, however, reveals that they do not support the court's conclusion that Elizabeth was not abused. Indeed, the court's findings, such as they are, appear to support a contrary conclusion. The court found that "beatings" were administered, that these beatings left marks, and that "such spankings are not the proper way to discipline Elizabeth."

Whether "spankings or beatings" of a "disabled adult" amount to abuse within the meaning of N.C. Gen. Stat. Sec. 108A-101(a) depends on the circumstances under which such spankings or beatings are administered. Obviously, the trial judge in the instant case was of the opinion that the spankings and beatings administered to this twenty-one year old retarded adult were not abusive within the meaning of the statute; however, the judge did not make sufficient definitive findings regarding the facts and circumstances of this case to enable us to determine whether his conclusion is correct. In granting a motion under Rule 41(b), the trial judge has a duty to make definitive and

detailed findings as to the subject of inquiry, so as to afford this Court "a clear understanding of the basis of the trial court's decision."

Examination of the remaining findings of fact made by the trial court reveals similar difficulties. The court's failure to specifically identify the "fatal variance in the Petitioner's evidence," referred to in Finding of Fact No. 1, precludes review of that portion of the order. Furthermore, we believe the finding that "[t]here is no evidence of . . . exploitation" to be unsupported by examination of the record. While the court, sitting as the trier of fact, was not obliged to give credence to petitioner's evidence in ruling on respondent's Rule 41(b) motion, the judge had a duty to make findings of fact in support of his ruling in this regard. This he failed to do.

Because of the court's failure to make findings of fact adequate to support the conclusions of law, the order appealed from is vacated and the cause remanded for a new hearing on all allegations contained in the petition and for new findings, conclusions, and entry of the appropriate order.

Vacated and remanded.

Judges BRASWELL and EAGLES concur.